UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMEL SANDERS and ANTERO SARREAL,
on behalf of themselves and all others similarly
situated,

                              Plaintiffs,

          -against-

HOUSLANGER AND ASSOCIATES, PLLC;
TODD E. HOUSLANGER; VIRGO CAPITAL,
LLC; AQUARIUS CAPITAL, LLC; and DOE
COMPANIES 1-10.

                              Defendants.

No. 17 Civ. 8985 (DC)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO AMEND COMPLAINT AND ADD A PARTY**

Plaintiffs submit this memorandum of law in support of their motion for leave to amend the Complaint and add a party pursuant to Fed. R. Civ. P. 15 and 21.

## PRELIMINARY STATEMENT

Plaintiffs seek to amend their Complaint to add a new plaintiff, Samuel Blanchett, who was also victimized by Defendants' misconduct. *See* Proposed Amended Complaint ("Am. Compl.") attached as Ex. 1 to the Declaration of Matthew Brinckerhoff ("Brinck. Decl."). This motion should be granted because Plaintiffs' proposed amendment will not prejudice Defendants, is not futile, unduly delayed, or in bad faith, and will promote judicial efficiency and fundamental fairness.

## BACKGROUND

This action was commenced on November 16, 2017.  Since then, the parties have exchanged information and documents and communicated substantively in an attempt to resolve the case.  Brinck. Decl. ¶ 2.  During this period, the parties have stipulated to extend Defendants' time to respond to the Complaint and defendants have agreed to refrain from further collections activities of the sort that are challenged in this case.  *Id.*

On or about June 22, 2018, while the parties were engaged in settlement negotiations, Defendants served Plaintiffs Sanders and Sarreal with Offers of Judgment pursuant to Fed. R. Civ. P. 68 by regular mail.  *Id.* ¶ 3.   On July 9, 2018, Plaintiffs Sanders and Sarreal accepted those offers of judgment.  *See* Dckt. Nos. 32-33.  Judgment has not been entered with respect to Plaintiffs Sanders and Sarreal.  Brinck. Decl. ¶ 5.

Plaintiffs now seek leave to amend the complaint and add a new party plaintiff who will continue to pursue the relief sought in this putative class action on behalf of himself and others similarly situated.

## ARGUMENT

Leave to amend a complaint will be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). The Supreme Court has emphasized that the refusal to grant leave to amend must be justified by grounds such as undue delay, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules,'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman*, 371 U.S. at 182), and "[t]he party opposing the amendment has the burden of showing prejudice," *Fox v. Bd. of Tr. of the State Univ. of N.Y.*, 764 F. Supp. 747, 757 (N.D.N.Y. 1991), *modified on reconsideration,* 148 F.R.D. 474 (N.D.N.Y. 1993), *aff'd,* 42 F.3d 135 (2d Cir. 1994).

Under Federal Rule of Civil Procedure 21 ("Rule 21"), the Court may add a party on motion "at any time, on just terms." Fed. R. Civ. P. 21. Courts addressing motions for joinder "must consider judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact [it] would have on each of the parties already named in the action." *Sly Mag., LLC v. Weider Publications L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (quoting *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909, 2001 WL 58000, at *2 (S.D.N.Y. Jan. 23, 2001)). "Although Rule 21, and not Rule 15(a) normally governs

the addition of new parties to an action, the same standard of liberality applies under either

Rule." *Momentum Luggage*, 2001 WL 58000, at *2 (internal quotation marks omitted).

Plaintiffs' motion to add Mr. Blanchett as a new Plaintiff should be granted

because Defendants can make no showing of prejudice, bad faith, undue delay or futility.

Defendants will suffer no prejudice from the new party in Plaintiffs' proposed

Amended Complaint. In evaluating whether proposed amendments will prejudice a defendant,

courts consider whether the amendments will:

> (i) require the opponent to expend significant additional resources to conduct
> discovery and prepare for trial; (ii) significantly delay the resolution of the dispute;
> or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.

*Block*, 988 F.2d at 350. In considering the propriety of permitting additional parties, courts assess

the judicial economy and efficiency, case management, and the impact on parties already named.

*See Sly Mag.*, 241 F.R.D. at 532.

None of these considerations precludes adding Mr. Blanchett as plaintiff here.

The case is at its beginning stage: Defendants have not yet answered the Complaint and only a

limited informal exchange of information has occurred.  Adding Mr. Blanchett to the case will

also not delay resolution of the dispute, in fact adding him will have the opposite effect.

Defendants made Rule 68 offers of judgment while simultaneously engaging in settlement

negotiations.  Including Mr. Blanchett in the case will ensure that meaningful negotiations can

occur with a live Plaintiff, and the case can proceed to final resolution, if necessary.  Adding Mr.

Blanchett will maintain the status quo of the proceeding, and allow for settlement negotiations to

take place in an effort to resolve the case on behalf of approximately 25,000 putative class

members as well as possibly resolve the parallel state court case, thus promoting judicial

economy and efficiency and case management, with little to no impact on parties already named.

Defendants cannot show undue delay as a basis for refusing to stipulate to Plaintiffs' motion to amend. It is being made less than two days after the initial Plaintiffs' accepted offers of judgment.  Further, Plaintiffs' motion is necessitated not by bad faith, but in an effort to preserve the case in light of Defendants' Rule 68 offers of judgment.

Adding Mr. Blanchett to this case comports with the goals of judicial economy and the preservation of judicial resources, and will have minimal impact on the parties already named in the case.  Adding Mr. Blanchett to the case is far simpler and efficient than filing a new case on his behalf.   A new case would entail the expenditure of resources and time by Plaintiffs and their attorneys, as well as Defendants and Defendants' attorneys.

**CONCLUSION**

Plaintiffs' motion for leave to amend the complaint and add a plaintiff should be granted.

Dated: July 11, 2018
        New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: /s Matthew D. Brinckerhoff
Matthew D. Brinckerhoff
Debra L. Greenberger
600 Fifth Avenue, 10th Floor
New York, New York 10020
212-763-5000

MOBILIZATION FOR JUSTICE
Carolyn E. Coffey and
Ariana Lindermayer, of counsel to
Jeanette Zelhof
100 William St., 6th Fl.
New York, NY 10038
212-417-3701

4

NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE
Claudia Wilner
275 Seventh Avenue, Suite 1506
New York, NY 10001-6708
212-633-6967

NEW ECONOMY PROJECT
Susan Shin
121 W 27th Street, Suite 804
New York, NY 10001
212-680-5100

*Attorneys for Plaintiffs*