UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMEL SANDERS and ANTERO SARREAL, on behalf of themselves and all others similarly situated,

                Plaintiffs,

-against-

HOUSLANGER AND ASSOCIATES, PLLC; TODD E. HOUSLANGER; VIRGO CAPITAL, LLC; AQUARIUS CAPITAL, LLC; and DOE COMPANIES 1-10.

                Defendants.

No. 17 Civ. 8985 (DC)

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD A PARTY**

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

MOBILIZATION FOR JUSTICE
100 William St., 6th Fl.
New York, New York 10038
(212) 417-3701

NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, New York 10001
(212) 633-6967

NEW ECONOMY PROJECT
121 W 27th Street, Suite 804
New York, New York 10001
(212) 680-5100

In this putative class action, Defendants tendered an offer of judgment to Named Plaintiffs Ramel Sanders and Antero Sarreal in their individual capacities, but they tendered no such offer to the putative class. Defendants made these offers at the outset of the litigation before formally responding to Plaintiffs' allegations, before discovery commenced, and before Plaintiffs had a reasonable opportunity to move for class certification. Named Plaintiffs accepted the offers in their individual capacities. Then, before judgment was entered, Plaintiffs sought leave to add a new Named Plaintiff, Samuel Blanchett, to represent the interests of the putative class.

Defendants' arguments against amending the Complaint fail. This Court has Article III jurisdiction to decide the motion to amend because Named Plaintiffs' claims are not yet moot, and courts in this Circuit hold that when a putative class representative's claims become moot prior to class certification, the Court should allow the intervention of additional representatives with live claims. Defendants' alternative request that the Court nullify the offers of judgment countermands basic principles of contract law. Because "[a] would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted," *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 672 (2016), this Court should grant the motion to amend.

## I.      SANDERS' AND SARREAL'S CLAIMS ARE NOT MOOT

Defendants wrongly contend that Plaintiffs' claims became moot and this Court lost Article III jurisdiction when Plaintiffs Sanders and Sarreal accepted the offers of judgment. The rule in the Second Circuit is that mootness does not occur until *after* the court enters judgment: "If the parties agree that a judgment should be entered against the defendant, then the district court should enter such a judgment. . . Then, *after* judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200 (2d. Cir. 2015) (emphasis in original) (internal citation omitted); *see also Cabala v.*

1

*Crowley,* 736 F.3d 226, 228 (2d. Cir. 2013) (noting that if defendant makes an offer of judgment for the full amount of relief, district court may "enter judgment against the defendant for the proffered amount and . . . direct payment to the plaintiff consistent with the offer. . . . *Only after such a disposition is the controversy resolved such that the court lacks further jurisdiction*") (emphasis added). Neither *Ahmed v. City of New York*, 296 F.Supp.3d 667, 669 (S.D.N.Y. 2017) nor *Harris v. City of New York*, 2004 WL 1555194, at *1 (S.D.N.Y. July 12, 2004), cited by Defendants, hold or even imply that mootness occurs prior to entry of judgment.

Here, the Court has not entered judgment and Plaintiffs Sanders and Sarreal have not received the money promised to them. Therefore, Plaintiffs Sanders and Sarreal still have a "personal stake" in the litigation, and their claims are not moot. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016); *see also Bank v. Alliance Health Networks, LLC*, 669 Fed. App'x 584 (2d Cir. 2016) (stating that mootness of individual claims occurs "where judgment has been entered and where the plaintiff's claims have been satisfied"); *Bell v. Survey Sampling Int'l, LLC,* 2017 WL 1013294 (D. Conn. Mar. 15, 2017) (noting claims are not moot where court has not entered judgment and payment not made). Plaintiffs Sanders and Sarreal also have a continuing interest in obtaining an attorney fee award. "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Campbell-Ewald Co.,* 136 S. Ct. at 669 (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)); *see also Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141, n.4 (2d Cir. 2007) ("[A]ny attorney's fee award ultimately belongs to [plaintiff], the client, and not the attorney," and concluding that "the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court." (citations omitted)).

Indeed, if Plaintiffs' claims truly had become moot upon acceptance of the offers of judgment, this Court would have no option but to dismiss the action and would have no power to enter judgment on behalf of Plaintiffs or determine the appropriate amount of attorney's fees as contemplated by the offer of judgment. *ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 94 (2d Cir. 2007) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401-04 (1975)). Because this Court is still capable of entering a judgment that would "have a practical effect on the legal rights of the parties," there is "no mootness of the sort that deprives the court of subject matter jurisdiction." *Id.* at 95.

This Court retains Article III jurisdiction. It may adjudicate Plaintiffs' motion to amend the complaint and add Samuel Blanchett as an additional named Plaintiff.

## II.   IN THIS CIRCUIT, IF NAMED PLAINTIFFS' CLAIMS BECOME MOOT PRIOR TO CERTIFICATION, THE PREFERRED JUDICIAL APPROACH IS TO PERMIT SUBSTITUTION OF A NEW CLASS REPRESENTATIVE

Even if this Court finds that Sanders' and Sarreal's individual claims are now moot, which they are not, this Court has jurisdiction to permit the amendment and substitute a new class representative.

*Sosna v. Iowa*, 419 U.S. 393, 402 (1975), made clear that mootness of a named plaintiff's claims does not defeat Article III jurisdiction: a "controversy" exists "between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot."

Accordingly, courts "not only may, but *should*, respond to the precertification mooting of a class representative's claims by permitting substitution of a new class representative." *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 375 B.R. 719, 729 (S.D.N.Y. 2007) (internal quotations and citations omitted). By allowing the substitution of named plaintiffs, the court "give[s] effect to the purposes of Rule 23." *Id.* at 729; *see also* 1 Newberg on Class Actions

§ 2: 26 (4th ed. 2006) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives."). Accordingly, "[s]pecial mootness rules apply in the class action context, where the named plaintiff purports to represent an interest that extends beyond his own." *In re Nat'l Austl. Bank Sec. Litig.,* 2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006) (quoting *Lusardi v. Xerox*, 975 F.2d 964, 975 (3d Cir. 1992)).

In *Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980), the Second Circuit considered a situation in which the named plaintiff died prior to class certification, rendering his individual claims moot, and held that "Swan's death does not moot the class claim if one of the proposed intervenors can be substituted as a named plaintiff." *Id.*; *see also Turkmen v. Ashcroft*, 589 F.3d 542, 545 (2d Cir. 2009) (affirming principle and collecting cases). In *Swan*, there was no doubt that the putative class representative's claims became moot prior to certification, and the Second Circuit approved the substitution of a new class representative. Plaintiffs' motion to amend the Complaint to add an additional named Plaintiff with live claims thus conforms to the preferred judicial approach when the claims of a putative class representative become moot prior to certification.

Defendants advance no case law in support of their position other than Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013), which does not bind this Court. Moreover, even Justice Kagan's dissent supports Plaintiff's position. Addressing the scenario in which a "would-be class representative's individual claim became moot before a court could make a final decision about the propriety of class litigation," Justice Kagan wrote that "the 'relation back' doctrine would be properly invoked to preserve the merits of the case for judicial resolution." *Id.* at 86 n.3 (citing *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 51-52

4

(1991); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 399, 404, n.11 (1980); *Swisher v. Brady*, 438 U.S. 204, 213-214 (1978); *Gerstein v. Pugh*, 420 U.S. 103, 110-111 (1975); *Sosna*, 419 U.S. at 402 n.11.

### III. DEFENDANTS CANNOT RESCIND THE RULE 68 OFFER THEY ISSUED

Defendants' alternative request to rescind the Rule 68 offers of judgments they issued fails. Under standard contract principles a Rule 68 offer is a contract. Once accepted, the Rule 68 offer binds both parties. That Defendants apparently have "buyer's remorse" is no basis to void a binding contract.

It is black-letter law that "Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (Chin, J.). "[W]here the language of the contract [*i.e.*, the Rule 68 offer and acceptance thereof] is clear and unambiguous, the contract is to be given effect according to its terms." *Id.* (alterations in original). The Rule 68 offer and acceptance here was clear and unambiguous. Each Rule 68 offer permitted the Plaintiff to take judgment in the amount of $15,000 against Defendants. It was not conditioned on either Plaintiff agreeing not to amend, though Defendants were aware that Plaintiffs were asserting claims both individually and on behalf of a class.

"Under 'ordinary contract principles,' an offer may not be revoked after acceptance." *Harrell v. Van Der Plas*, No. 08 CIV. 8252GEL, 2009 WL 1755090, at *2 n.2 (S.D.N.Y. June 19, 2009) (citing Restatement (Second) of Contracts § 42 cmt. c (1981). Courts routinely deny a party's request to rescind an accepted Rule 68. *See id.* at *2 (rejecting defendants' attempt to revoke an accepted offer of judgment as "contrary to applicable law" because "plaintiff's written acceptance of defendants' offer of judgment is binding"); *LaBarca v. GRJH, Inc.*, No. 616-CV-826, 2018 WL 1136918, at *6 (N.D.N.Y. Mar. 1, 2018) ("[T]he majority of courts to have

5

addressed the issue have held that revocation of a Rule 68 offer, especially once accepted, is either inappropriate or entirely unavailable" (citing cases)).

Nor is Defendants' prejudice argument availing. Instead of joining the instant lawsuit, Plaintiff Blanchett could instead bring a new action on behalf of the class.[1]  However, such an approach would be inefficient and waste judicial resources. And either by way of an amended complaint or a new action, Defendants will have to face Plaintiff Blanchett's claims on behalf of himself and the class on the merits.

## CONCLUSION

Plaintiffs' motion for leave to amend the complaint and add a plaintiff should be granted.

Dated: August 10, 2018
      New York, New York

                                   EMERY CELLI BRINCKERHOFF
                                   & ABADY LLP

                                   By: /s Debra L. Greenberger
                                   Matthew D. Brinckerhoff
                                   Debra L. Greenberger
                                   600 Fifth Avenue, 10th Floor
                                   New York, New York 10020
                                   212-763-5000

---

[1] A new action by Plaintiff Blanchett would benefit from the tolling of the statute of limitations during the pendency of this action. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553 (1974) ("[T]he commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status"); *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 346 (1983) (filing of class action tolls statute of limitations for other members of putative class until class certification denied). While defense counsel has implied that *American Pipe* tolling may not apply, tolling is required because Defendants here never obtained "a definitive determination of the inappropriateness of class certification." *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987); *see In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 n.9 (S.D.N.Y. 2002) (stating that *American Pipe* tolling applies to subsequent class action, where first putative class action was dismissed without analysis of propriety of class certification and subsequent class action is not attempt to "relitigate class certification"); *Betances v. Fischer*, 144 F. Supp. 3d 441, 457 (S.D.N.Y. 2015) (same).

MOBILIZATION FOR JUSTICE
Carolyn E. Coffey and
Ariana Lindermayer, of counsel to
Jeanette Zelhof
100 William St., 6th Fl.
New York, NY 10038
212-417-3701

NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE
Claudia Wilner
275 Seventh Avenue, Suite 1506
New York, NY 10001-6708
212-633-6967

NEW ECONOMY PROJECT
Susan Shin
121 W 27th Street, Suite 804
New York, NY 10001
212-680-5100

*Attorneys for Plaintiffs*