UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

RAMEL SANDERS and ANTERO SARREAL,    :
on behalf of themselves and all
others similarly situated,           :

                  Plaintiffs,    :

      - against -                    :

HOUSLANGER AND ASSOCIATES, PLLC;     :
TODD E. HOUSLANGER; VIRGO
CAPITAL, LLC; AQUARIUS CAPITAL,      :
LLC; and DOE COMPANIES 1-10,

                       :

              Defendants.    :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

**MEMORANDUM DECISION
& ORDER**

17 Civ. 8985 (DC)

**CHIN, Circuit Judge:**

      On November 16, 2017, plaintiffs Ramel Sanders and

Antero Sarreal (collectively "Plaintiffs"), on behalf of

themselves and all others similarly situated, filed a complaint

alleging that defendants Houslanger and Associates, PLLC, Todd

E. Houslanger, Virgo Capital, LLC, Aquarius Capital, LLC, and

Doe Companies 1-10 (collectively, "Defendants") violated the

Fair Debt Collection Practices Act (the "FCPA"), 15 U.S.C. §

1692a, and New York General Business Law § 349(a), and that

Houslanger, an attorney, violated New York Judiciary Law §

487(1).

      The allegations in the instant action are closely

connected to an earlier case: *Sykes v. Mel Harris & Assocs.*,

*LLC,* 09 Civ. 8486 (DC) (S.D.N.Y). The plaintiffs in *Sykes* alleged that Leucadia National Corporation ("Leucadia") and a New York law firm known as Mel S. Harris and Associates, LLC (the "Mel Harris Firm") engaged in abusive debt collection practices to obtain default judgments against consumers and used those default judgments to collect money from the consumers. *See Sykes v. Mel S. Harris & Assocs. LLC,* 780 F.3d 70 (2d Cir. 2015). The *Sykes* plaintiffs alleged a "sewer service" scheme where Leucadia and the Mel Harris Firm, among others, would initiate debt collection proceedings, fail to serve the alleged debtor, and then, after the alleged debtor failed to appear in court, move for a default judgment while representing to the court that they had served the alleged debtor. *Id.* at 75-77.

In 2012, the Court certified plaintiffs' proposed classes. *Sykes v. Mel Harris & Assocs., LLC,* 285 F.R.D. 279 (S.D.N.Y. 2012). After the Second Circuit upheld the Court's determination, *Sykes,* 780 F.3d at 98, the parties settled the case. *See Sykes v. Mel Harris & Assocs., LLC,* 09 Civ. 8486 (DC), 2016 WL 3030156 (S.D.N.Y. May 24, 2016).

Plaintiffs allege that prior to class settlement, the *Sykes* defendants sold 25,000 default judgments (the "Sold Judgments"), most of which are currently held by Defendants. Dkt. No. 1 ¶¶ 5,7. Plaintiffs bring this class action on behalf of themselves and those similarly situated who have been subject

2

to execution activity by Defendants on the Sold Judgments,
seeking actual and statutory damages.  *Id.* at ¶ 8-9.  Plaintiffs
allege, *inter alia*, that Defendants continue to take enforcement
action on the Sold Judgments despite knowledge that they are
fraudulent.  *Id.* at ¶ 73.

Defendants, with the consent of Plaintiffs, requested
an extension of time to answer or move with the respect to the
complaint four times, representing that the extensions were
necessary to allow the parties to pursue settlement.  The Court
granted each request, extending Defendants' time to answer or
move with respect to the complaint until August 24, 2018.  Dkt.
No. 31.

On June 22, 2018, Defendants tendered offers of
judgment pursuant to Federal Rule of Civil Procedure 68 in favor
of plaintiffs Ramel Sanders and Antero Sarreal, in the amount of
$15,000 each, together with accrued costs and reasonable
attorneys' fees (the "Offers of Judgment").  Dkt. No. 32 at 5,
33 at 5.  On July 9, 2018, plaintiffs Ramel Sanders and Antero
Sarreal, through their counsel, accepted the Offers of Judgment.
Dkt. No. 32 at 1, 33 at 5.  The Offers of Judgment and notices
of acceptance along with proof of service were electronically

3

filed on July 10, 2018.  Dkt. No. 32, 33.[1]  Judgment has not yet been entered.

On July 11, 2018, Plaintiffs moved for leave to amend their Complaint to add a party pursuant to Federal Rules of Civil Procedure 15 and 21, seeking to add Samuel Blanchett.  *See* Dkt. No. 34-36 (including Proposed Amended Complaint). Defendants opposed the motion, filing a memorandum of law on July 26, 2018.  Dkt. No. 36-37.  Plaintiffs replied on August 10, 2018.  Dkt. No. 40.

To the extent a plaintiff seeks to join a new party, the motion is governed by Federal Rule of Civil Procedure 21. *Sly Mag., LLC v. Weider Publ'ns L.L.C*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007).  Under Rule 21, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  Though the Second Circuit has offered limited guidance, the consensus in this Court is that when "deciding whether to allow joinder,

---

[1]    Defendants' offers of judgment clarify that "[i]f this offer is not accepted in writing within fourteen (14) days after it is served, it shall be deemed withdrawn."  *See* Dkt. No. 32 at 5, 33 at 5. Federal Rule of Civil Procedure 68 mirrors this language: "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service."  Fed. R. Civ. P. 68.  Though the Offer of Judgment is dated June 22, 2018, there is no indication as to when the document was served on Plaintiffs.  Plaintiffs accepted the offers on July 9, 2018, more than fourteen calendar days after June 22, 2018, but the record is unclear as to when the Offers of Judgment were served.  Nonetheless, Defendants filed notices of acceptance of the Offers of Judgment on July 10, 2018, without any objection to the timeliness of the acceptances.  Dkt. No. 32-33.

courts adhere to the same standard of liberality afforded to
motions to amend [pleadings] under [Federal] Rule [of Civil
Procedure] 15." *Sly Mag., LLC*, 241 F.R.D. at 532 (internal
quotation marks omitted); *see also Lin v. Toyo Food, Inc.*, No.
12 Civ. 7392 (KMK), 2016 WL 4502040, at *1 (S.D.N.Y. Aug. 26,
2016) ("[T]he showing necessary under Rule 21 is the same as
that required under Rule 15(a)."); *Davidowitz v. Patridge*, No.
08 Civ. 6962 (NRB), 2010 WL 1779279, at *2 (S.D.N.Y. Apr. 23,
2010) ("Motions under Rule 21 are treated with the same standard
of liberality applicable to motions under Rule 15 and may be
denied for similar reasons."); *JPMorgan Chase Bank, N.A. v. IDW
Group, LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 1357946, at *2
(S.D.N.Y. May 12, 2009) ("In deciding whether to permit joinder,
this Court is guided by the same standard of liberality afforded
to motions to amend pleadings under Rule 15." (internal
quotation marks omitted)).

        Under Rule 21, the Court "must consider judicial
economy . . . , as well as how the amendment would affect the
use of judicial resources, the impact the amendment would have
on the judicial system, and the impact [it] would have on each
of the parties already named in the action." *Simpson v. Town of
Warwick Police Dep't*, 159 F. Supp. 3d 419, 432 (S.D.N.Y. 2016)
(quoting *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No.

00 Civ. 7909 (DLC), 2001 WL 58000, at *1-2 (S.D.N.Y. Jan. 23, 2001)) (alterations in original).

Under Federal Rule of Civil Procedure 15, leave to amend a complaint before trial without the opposing party's written consent is to be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (citation omitted). "Amendment may be prejudicial when among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks omitted). Complaints "based solely on delay and litigation expense" are insufficient to "constitute prejudice sufficient to warrant denial of leave to amend." *Pasternack*, 863 F.3d at 174. "The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs contend that adding Blanchett as a plaintiff will not prejudice Defendants. Dkt. No. 26 at 3. They note that the case is at its beginning stage, as the Defendants have not yet answered or moved with regard to the Complaint. *Id.* Adding Blanchett, according to Plaintiffs, will allow the claims of the alleged class to meaningfully proceed to final resolution. *Id.* Additionally, Plaintiffs note that their motion to amend was filed less than two days after Sanders and Sarreal accepted the Offers of Judgment. *Id.* at 4. They also suggest that amendment is in the interest of judicial economy as they could simply file a new action with new named plaintiffs, if leave to amend were denied. *Id.*

Defendants do not argue that the proposed amendment is in bad faith or, except as discussed below, prejudicial.[2] Indeed, Defendants do not dispute that Plaintiff's motion to amend meets the standard of Rules 15 and 21. Instead, Defendants contend that Plaintiffs' acceptance of the Offers of Judgment moots Plaintiffs' claims and divests the Court of subject matter jurisdiction. Dkt. No. 38 at 3.

---

[2] In a section of their memorandum of law asking the Court to render the Offers of Judgment a legal nullity if the Court grants Plaintiffs' motion to amend, Defendants state in a conclusory manner that they will suffer prejudice by having to continue to litigate the case. Dkt. No. 38 at 5. Defendants, however, fail to specify how they will be prejudiced, and, simply having to continue to litigate the case, alone, is insufficient to warrant a denial of leave to amend. *See Pasternack*, 863 F.3d at 174.

7

To support their claim, Defendants rely primarily on Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 84 (2013) (Kagan *J.*, dissenting), which was adopted by the Supreme Court in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Defendants read this language as indicating that the acceptance of a Rule 68 offer of judgment "terminates Article III standing," divesting this Court of subject matter jurisdiction. Dkt. No. 38 at 4.

Defendants' argument is meritless. The Second Circuit has made clear that "[i]f the parties agree that a judgment should be entered against the defendant, then the district court should enter such judgment. Then, *after* judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III." *Tanasi v. New All. Bank*, 786 F.3d 195, 200 (2d Cir. 2015) (emphasis in original) (internal citation omitted); *see also Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (noting that only after judgement is entered against the defendant "is the controversy resolved such that the court lacks further jurisdiction"). Here, where judgment has not yet been entered, Plaintiffs' claims are not moot and the Court retains jurisdiction.

Additionally, as long as the parties continue to have "a personal stake" or "legally cognizable interest" in the litigation, the case is not moot. *ABN Amro Verzekeringen BV v.*

8

*Geologisitcs Ams., Inc.*, 485 F.3d 85, 94 (2d Cir. 2007).
Indeed, if the acceptance of the Offers of Judgments did strip
the Court of subject matter jurisdiction, then the Court would
be "without power to enter a judgment in plaintiff's favor . . .
leaving the dispute unadjudicated." *Id.*

Accordingly, Plaintiffs' motion for leave to amend the
Complaint to add a party is GRANTED.

Alternatively, Defendants argue that if Plaintiffs'
motion to amend is granted, Defendants' Offers of Judgment will
be rendered a legal nullity. Dkt. No. 38 at 5. Defendants
argue that because an amended complaint would supersede and
replace all legal effect of the original complaint, it follows
that the Offers of Judgment should be rendered moot and have no
force or effect as a matter of law. *Id.*    Rule 68 offers of
judgment and acceptances, however, are "to be interpreted
according to ordinary contract principles" and "given effect
according to [their] terms." *Steiner v. Lewmar, Inc.*, 816 F.3d
26, 31 (2d Cir. 2016). Defendants do not dispute that the
Offers of Judgment were validly accepted. Under basic contract
principles, an offer may not be revoked after acceptance. *See*
Restatement (Second) of Contracts § 42 cmt. c (1981).
Defendants point to no legal precedent, and the Court is not
aware of any, that indicates that granting leave to amend a
complaint warrants rescission of validly accepted Offers of

Judgment.   Defendants did not condition the Offers of Judgment

on the termination of the litigation.   Accordingly, Defendants'

request is DENIED.

       Pursuant to the Court's order of August 2, 2018,

Defendants' time to answer or otherwise move with regards to the

Amended Complaint is extended until October 8, 2018.   Dkt. No.

41.

       SO ORDERED.

Dated:     New York, New York
            September 6, 2018

                                   DENNY CHIN
                                   United States Circuit Judge
                                   Sitting By Designation

**APPEARANCES:**

For Plaintiffs Ramel Sanders, Antero Sarreal and the
Putative Class:
    Matthew D. Brinckerhoff, Esq.
    Debra L. Greenberg, Esq.
    Emery Celli Brinckerhoff & Abady LLP
    New York, New York

    Carolyn E. Coffey, Esq.
    Ariana Lindermayer, Esq.
    Jeanette Zelhof, Esq.
    Mobilization for Justice
    New York, New York

    Claudia Wilner, Esq.
    National Center for Law and Economic Justice
    New York, New York

    Susan Shin, Esq.
    New Economy Project
    New York, New York

For Defendants Houslanger and Associates, PLLC and
Todd E. Houslanger:
    Robert J. Bergson, Esq.
    Jonathan D. Hauptman, Esq.
    Abrams Garfinkel Margolis Bergson, LLP
    New York, New York

For Defendants Virgo Capital, LLC and Aquarius
Capital, LLC:
    Todd E. Houslanger, Esq.
    Houslanger and Associates, PLLC
    New York, New York