```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

RAMEL SANDERS, ANTERO SARREAL,        :
and SAMUEL BLANCHETT, on behalf of
themselves and all others             :
similarly situated,
                                      :
              Plaintiffs,                       MEMORANDUM DECISION
                                      :         & ORDER
      - against -
                                      :         17 Civ. 8985(DC)
HOUSLANGER AND ASSOCIATES, PLLC;
TODD E. HOUSLANGER; VIRGO             :
CAPITAL, LLC; AQUARIUS CAPITAL,
LLC; and DOE COMPANIES 1-10,          :

              Defendants.             :

- - - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge:**

Defendants Houslanger and Associates, PPLC, Todd E. Houslanger, Virgo Capital, LLC, and Aquarius Capital, LLC (collectively, "Defendants") move to certify this Court's September 6, 2018 decision for interlocutory appeal under 28 U.S.C. § 1292(b) and for a stay pending the outcome of the appeal. Based on the conclusions set forth below, both prongs of Defendants' motion are denied.

### BACKGROUND

On November 16, 2017, plaintiffs Ramel Sanders and Antero Sarreal, on behalf of themselves and all others similarly situated, filed an initial Complaint alleging that Defendants violated the Fair Debt Collection Practices Act (the "FCPA"), 15

U.S.C. § 1692a, "by making false and misleading misrepresentations and engaging in unfair and unconscionable practices," New York General Business Law § 349(a), and "by using deceptive acts and practices in the conduct of their business," and that defendant Houslanger -- an attorney -- violated New York Judicial Law § 487(1) "by filing deceptive and misleading affirmations . . . with the intention to deceive courts and opposing parties." Dkt. No. 1 ¶¶ 140, 144, 150-51.

The allegations in the instant action are closely connected to an earlier case: Sykes v. Mel S. Harris and Associates, LLC, 09 Civ. 8486 (DC) (S.D.N.Y). The plaintiffs in Sykes alleged that Leucadia National Corporation ("Leucadia") and a New York law firm known as Mel S. Harris and Associates, LLC (the "Mel Harris Firm") engaged in abusive debt collection practices to obtain default judgments against consumers and used those default judgments to extract money from the consumers. See Sykes v. Mel S. Harris & Assocs., LLC, 780 F.3d 70 (2d Cir. 2015). In short, the Sykes plaintiffs alleged a "sewer service" scheme, whereby Leucadia and the Mel Harris Firm, among others, would initiate debt collection proceedings, fail to serve the alleged debtor, and then, after the alleged debtor failed to appear in court, move for a default judgment while representing to the court that they had served the alleged debtor. Id. at 75-77.

2

In 2012, the Court certified plaintiffs' proposed classes. Sykes v. Mel Harris & Assocs., LLC, 285 F.R.D. 279 (S.D.N.Y. 2012). After the Second Circuit upheld the Court's determination, Sykes, 780 F.3d at 98, the parties settled the case, see Sykes v. Mel Harris & Assocs., LLC, No. 09 Civ. 8486 (DC), 2016 WL 3030156 (S.D.N.Y. May 24, 2016).

Plaintiffs here allege that prior to class settlement the Sykes defendants sold 25,000 default judgments (the "Sold Judgments"), the majority of which are currently held by Defendants. Dkt. No. 1 ¶¶ 5,7. Plaintiffs bring this class action on behalf of themselves and those similarly situated who have been subject to execution activity by the Defendants on the Sold Judgments, seeking actual and statutory damages. Id. ¶¶ 8-9. Plaintiffs allege, inter alia, that Defendants continue to take enforcement action on the Sold Judgments despite knowledge that they are fraudulent. Id. ¶ 73.

Defendants, with the consent of Plaintiffs, requested an extension of time to answer or move with the respect to the Complaint four times, indicating that the extensions were necessary to allow the parties to focus on negotiations intended to resolve the action in its entirety or mediate Plaintiffs' claims. The Court granted each request, extending Defendants' time to answer or move with respect to the Complaint until August 24, 2018. Dkt. No. 31.

On June 22, 2018, Defendants tendered offers pursuant to Federal Rule of Civil Procedure 68 to allow judgment in favor of plaintiffs Ramel Sanders and Antero Sarreal to be taken against Defendants, in the amount of $15,000 to each Mr. Sanders and Mr. Sarreal and any accrued costs together with a reasonable attorneys' fee. Dkt. No. 32 at 5; Dkt. No. 33 at 5. On July 9, 2018, Plaintiffs Sanders and Sarreal, by and through their counsel, accepted the offers of judgment. Dkt. No. 32 at 1; Dkt. No. 33 at 5. The offers of judgment and notices of acceptance along with proof of service were electronically filed on July 10, 2018.[1] Dkt. Nos. 32-33.

On July 11, 2018, before judgment had been entered, Plaintiffs moved for leave to amend their Complaint to add a party pursuant to Federal Rules of Civil Procedure 15 and 21, seeking to add Samuel Blanchett as a Plaintiff. See Dkt. Nos. 34-36. Defendants opposed the motion on July 26th. Dkt. Nos.

---

[1] Defendants' offers of judgement clarify that "[i]f this offer is not accepted in writing within fourteen (14) days after it is served, it shall be deemed withdrawn." See Dkt. No. 32 at 5; Dkt No. 33 at 5. Federal Rule of Civil Procedure 68 mirrors this language: "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service." Fed. R. Civ. P. 68. Though the offer of judgment is dated June 22, 2018, there is no indication as to when the document was served on Plaintiffs. Plaintiffs' acceptance of the offers occurred on July 9, 2018, more than fourteen calendar days after July 22, 2018. Accordingly, it is not clear, on the facts before the Court, whether Plaintiffs accepted the offers within the fourteen-day window provided. Nevertheless, neither party disputes that the offers were timely accepted.

4

37-38. In their opposition, Defendants argued that "the case became moot upon Plaintiffs' acceptance of Defendants' Rule 68 offers of judgement," D's MOL at 3, and that "the Court lacks subject matter jurisdiction to adjudicate Plaintiffs' motion," id. at 4. Plaintiffs replied on August 10, 2018. Dkt. No. 40. By order dated September 6, 2018, Plaintiffs' motion was granted. Dkt. No. 42. Plaintiffs filed their Amended Complaint on September 7, 2018. Dkt. No. 43. On September 13, 2018, counsel for Plaintiff filed proposed judgments, see Dkt. Nos. 46-47, which were reviewed by the Clerk's Office and approved as to form later that day.

Defendants now petition the Court to certify the question of "[w]hether Plaintiffs' acceptance of Rule 68 Offers of Judgment ends the lawsuit and divests the District Court of its subject matter jurisdiction to take any action beyond entering judgment in accordance with the accepted offers because there is no longer a live case or controversy among the Plaintiffs and Defendants." Dkt. No. 52 at 3.

### DISCUSSION

There is no doubt that the jurisdictional effect of the acceptance of a Rule 68 offer of judgment is a controlling question of law or that resolution of the question in Defendants' favor would materially advance the ultimate termination of this litigation. See 28 U.S.C. § 1292(b). There

5

is not, however, a substantial ground for difference of opinion as to whether an accepted offer of judgment, for which judgment has not yet been entered, renders a plaintiff's claims moot. Accordingly, and for the reasons set forth below, Defendants' motion is denied.

I.  **Applicable Law**

   A.  **Section 1292(b)**

While it is a basic tenet of federal law to delay appellate review until a final judgment has been entered, see Coopers & Lybrand v. Lievsay, 437 U.S. 463, 475 (1978), Section 1292(b) of Title 28 of the United States Code provides a means of appealing from interlocutory orders that are otherwise non-appealable, upon consent of both the district court and the court of appeals, Klinghoffer v. S.N.C. Achielle Lauro, 921 F.2d 21, 23 (2d Cir. 1990). Interlocutory orders that are otherwise non-appealable may be reviewed under § 1292(b) if the district court is "of the opinion that [the relevant] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Section 1292(b) is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir.

1996). Thus, it is reserved for the narrow band of "extraordinary cases where appellate review might avoid protracted and expensive litigation." German by German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). While a District Court must carefully evaluate the statutory criteria to determine whether all three exist, see In re MTBE Products Liability Litigation, No. MDL 1358, 2005 WL 39918, at *3 (S.D.N.Y. Jan. 6, 2005), "even where the three legislative criteria of Section 1292(b) appear to be met, district courts have unfettered discretion to deny certification," id. at *2 (citation omitted).

    B.    **Stay Pending Appeal**

A district court may enter a stay pending appeal upon considering four well-established factors: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002). Additionally, "[a] stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (citations, quotations, and alterations omitted).

7

## II. Application

### A. Certification

Defendants' arguments for certification of an interlocutory appeal are unpersuasive. Although the question presented by Defendants is a controlling question of law and resolution of the question in Defendants' favor would materially advance the ultimate termination of the litigation by rendering the case moot, there is no substantial ground for difference of opinion that an accepted Rule 68 offer of judgment does not render the claims moot until judgment is entered.

> Federal Rule of Civil Procedure 68 provides that
>
>> a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68. The Second Circuit has made clear that, in the context of Rule 68 offers of judgment, "_after_ judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III." Tanasi v. New All. Bank, 786 F.3d 195, 200 (2d Cir. 2015) (emphasis in original); see also Cabala v. Crowley, 736 F.3d 226, 228 (2d Cir. 2013) (noting that only after judgment is entered against the defendant "is the

8

controversy resolved such that the court lacks further jurisdiction").

Defendants argue that the rule announced in Tanasi does not apply here "because . . . the plaintiff in Tanasi did not accept Defendants' Rule 68 offer of judgment." Def's MOL at 4. While the circumstances in Tanasi are not identical to the circumstances here, the reasoning still applies. Indeed, there are other Second Circuit decisions in the Rule 68 context -- albeit summary orders -- that reiterate the fundamental notion that a claim does not become moot until judgment is entered. See, e.g., Bank v. Carribean Cruise Line, Inc., 606 Fed. App'x 30, 31 (2d Cir. 2015) (summary order) (noting, in the context of a Rule 68 offer of judgment, that "[o]nly after the entry of judgment in the plaintiff's favor 'is the controversy resolved such that the court lacks further jurisdiction'" (quoting Cabala, 736 F.3d at 228)); Hepler v. Abercrombie & Fitch Co., 607 Fed. App'x 91, 92 (2d Cir. 2015) (summary order) ("We have described an offer of judgment for complete relief as 'mooting' the case. However, the offer by itself does not moot anything, since an offer cannot bind the defendant to provide relief. It is the entry of judgment pursuant to that offer that 'moots' the case. Because judgment had not yet been entered in this case at the time of Plaintiffs' motion, the claims had not become moot and the Court retained its jurisdiction." (emphasis in original)

9

(citations omitted));[2] see also Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326, 333 (1980) ("[A] case or controversy is mooted in the Art. III sense upon payment and satisfaction of a final, unappealable judgment."); Wallace v. J.M. Romich Enterprises, Inc., No. 17-cv-6424, 2018 WL 3023391, at *6 (W.D.N.Y. June 18, 2018) ("[T]he Second Circuit has clarified that it is the judgment, and not the defendant's tender of complete relief, which moots the plaintiff's claim." (citing Hepler, 607 Fed. App'x. at 92)); Anjum v. J.C. Penny Co., Inc., No. 13-cv-460, 2014 WL 5090018, at *1 (E.D.N.Y. Oct. 9, 2014) ("The Court holds that the rejected offer of judgment moots the lawsuit only when the district court has entered that judgment -- or, to put it differently, that the judgment moots the lawsuit, not the offer. Consequently, when (as in this case) new collective action plaintiffs join the lawsuit before entry of judgment, the case is not moot.").

On June 22, 2018, Defendants tendered offers of judgment pursuant to Federal Rule of Civil Procedure 68 to Sanders and Sarreal. Dkt. No. 32 at 5; Dkt. No. 33 at 5. On July 9, Sanders and Sarreal accepted the offers of judgment. Dkt. No. 32 at 1; Dkt. No. 33 at 5. On July 10, the offers of judgment and notices of acceptance along with proof of service

---

[2] The fact that the Second Circuit decided these cases by summary order suggests it did not believe the cases raised difficult or novel legal issues.

were electronically filed and docketed by Defendants.  Dkt. Nos. 32-33.  Although Rule 68 states that after filing, "[t]he clerk must then enter judgment," Fed. R. Civ. P. 68, on July 11, 2018, when Plaintiffs moved for leave to amend their Complaint to add a party pursuant to Federal Rules of Civil Procedure 15 and 21, no such judgment had yet been entered, see Dkt. Nos. 34-36.  Moreover, the offer of judgment left open the issue of attorneys' fees, and the question of class certification had not yet been addressed.  See Mavris v. RSI Enterprises Inc., 303 F.R.D. 561, 565 (D. Ariz. 2014) ("Acceptance of a Rule 68 offer may moot a named plaintiff's substantive claim for relief, but it need not moot her interest in representing the class." (citing Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1089 (9th Cir. 2011)).  Sanders and Sarreal, therefore, maintained an interest in an ongoing Article III case or controversy after accepting the Rule 68 offer of judgment and before judgment was entered.  Thus, at the time they sought leave to amend their Complaint, their claims were not moot.

Although Defendants' question raises a controlling question of law, which, if resolved in their favor would materially advance the ultimate termination of the litigation, the question does not present substantial grounds for differing opinions.  Therefore, § 1292(b)'s requirements are not met, and the Court declines to grant Defendants' motion.

B. <u>Stay Pending Appeal</u>

Because Defendants' Section 1292(b) motion is denied, the Court need not consider whether the factors for determining whether a stay should be granted pending appeal have been met.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion is denied in its entirety.

Counsel for the parties shall appear for a pre-trial conference on Tuesday, November 27, 2018, at 2:00 p.m.

SO ORDERED.

Dated: New York, New York
November 5, 2018

_____
DENNY CHIN
United States Circuit Judge
Sitting By Designation

**APPEARANCES**

For Plaintiffs Ramel Sanders, Antero Sarreal, Samuel Blanchett, and the Putative Class:

    Matthew D. Brinckerhoff, Esq.
    Debra L. Greenberger, Esq.
    Emery Celli Brinckerhoff & Abady LLP
    New York, New York

    Carolyn E. Coffey, Esq.
    Ariana Lindermayer, Esq.
    Jeanette Zelhof, Esq.
    Mobilization for Justice
    New York, New York

    Claudia Wilner, Esq.
    National Center for Law and Economic Justice
    New York, New York

    Susan Chin, Esq.
    New Economy Project
    New York, New York

For Defendants Houslanger and Associates, PLLC and Todd E. Houslanger:

    Robert J. Bergson, Esq.
    Jonathan D. Hauptman, Esq.
    Abrams Garfinkel Margolis Bergson, LLP
    New York, New York

For Defendants Virgo Capital, LLC and Aquarius Capital, LLC:

    Todd E. Houslanger, Esq.
    Houslanger & Associates, PLLC
    New York, New York