UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAMEL SANDERS, ANTERO SARREAL
and SAMUEL BLANCHETT, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

    -against-

HOUSLANGER AND ASSOCIATES, PLLC;
TODD E. HOUSLANGER; VIRGO
CAPITAL, LLC; AQUARIUS CAPITAL,
LLC; and DOE COMPANIES 1-10.

                Defendants.

---

No. 17 Civ. 8985 (DC)



[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING
NOTICE TO CLASS MEMBERS, AND SCHEDULING A FAIRNESS HEARING

WHEREAS, on November 16, 2017, Plaintiffs Ramel Sanders and Antero Sarreal filed this Action, on behalf of the Class Members (as defined below) asserting class claims under the Fair Debt Collections Practices Act ("FDCPA"), New York General Business Law § 349, and New York Judiciary Law § 487, pursuant to Federal Rule of Civil Procedure 23;

WHEREAS, on July 10, 2018, proof of the acceptance of Defendants' Offers of Judgment by Ramel Sanders and Antero Sarreal was filed and, on December 18, 2018, Judgment was entered in favor of Mr. Sanders for $15,000, plus attorneys' fees and costs, and Judgment was entered in favor of Mr. Sarreal for $15,000, plus attorneys' fees and costs; and payments were tendered by Defendants to Sanders and Sarreal, who acknowledged same and filed partial satisfactions of judgment;

WHEREAS, on July 11, 2018, Plaintiffs moved to add a new party, Named Plaintiff Samuel Blanchett, which motion was granted on September 6, 2018 over Defendants' objections;

1

WHEREAS, on September 7, 2018, Plaintiffs filed an Amended Complaint;

WHEREAS, Named Plaintiff Samuel Blanchett, on behalf of himself and the Class, has reached a settlement with Defendants Houslanger and Associates, PLLC, Todd E. Houslanger, Virgo Capital, LLC, and Aquarius Capital, LLC (collectively, "Defendants") (collectively with Named Plaintiff, the "Parties");

WHEREAS, the Parties have entered into a July 12, 2019 Joint Stipulation of Settlement and Release (the "Stipulation of Settlement");

WHEREAS, if the Settlement is approved by the Court, all Claims that have been, could have been, or could be asserted in this Action would be resolved;

WHEREAS, Named Plaintiff has filed a motion asking the Court preliminarily to approve the July 12, 2019 Stipulation of Settlement;

WHEREAS, also attached to Named Plaintiff's motion for preliminary approval are the following implementing documents:

(i) proposed Notice to be mailed to Class Members;

(ii) Named Plaintiff's proposed Allocation Plan;

(iii) Named Plaintiff's proposed Claim Form; and

(iv) a proposed Preliminary Approval Order;

WHEREAS, Defendants deny all the allegations made in the Amended Complaint, but nonetheless, without admitting or conceding any liability or damages whatsoever, have agreed to settle the Action on the terms and conditions set forth in the Stipulation of Settlement to avoid the burden, expense, and uncertainty of continuing litigation;

WHEREAS, Defendants join in the filing of this Motion for Preliminary Approval;

WHEREAS, the Court has read and considered the Stipulation of Settlement and the submissions made by the parties; and

WHEREAS, based on the materials described above, the Court finds that the proposed Settlement and the Allocation Plan are within the range of possible approval and that notifying potential Class Members about the terms and conditions of the proposed Stipulation of Settlement and the Allocation Plan and scheduling a formal Fairness Hearing is warranted; and

WHEREAS, all terms of the proposed Stipulation of Settlement and the Allocation Plan remain subject to the Court's approval;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. ***Definitions*** – To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Stipulation of Settlement for purposes of this Order.

2. ***Preliminary Findings Regarding Proposed Settlement*** – The Court preliminarily finds that the proposed Settlement as evidenced by the Stipulation of Settlement and the Allocation Plan is sufficiently fair, reasonable, and adequate to warrant providing notice to the Class and scheduling a Fairness Hearing for further review of the proposed Settlement. In making these findings, the Court has considered a number of factors, including the nature of the Named Plaintiff's and Defendants' respective claims and defenses, the amount and type of consideration to be paid, the information available to the parties, and the allocation of the proposed relief. Based on these considerations, the Court preliminarily concludes that: (i) the proposed Settlement and the Allocation Plan are within the range of possible approval and the Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the parties and their

counsel; and (ii) none of the terms and conditions of the Settlement or the Allocation Plan has any obvious deficiencies or improperly grant preferential treatment to any individual Class Member.

3. ***Certification of Settlement Class*** – The Court hereby certifies the following settlement Class pursuant to Fed. R. Civ. P. 23 pending a Fairness Hearing and further order of the Court: a Rule 23(b)(3) Class of all persons against whom a Sold Judgment (defined as an LR Credit Judgment that was sold, transferred, and/or assigned to Virgo Capital, LLC or Aquarius Capital, LLC) was obtained where Houslanger and Associates, PLLC and/or Todd E. Houslanger first collected money on or after November 16, 2014.

4. For purposes of the settlement of the Action, and only for these purposes, and subject to the terms of the Stipulation of Settlement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied respecting the settlement Class being preliminary certified in connection with the Settlement:

    a. The Class is ascertainable from business records and/or from objective criteria;

    b. The Class is so numerous that joinder of all members would be impractical;

    c. Named Plaintiff has alleged one or more questions of fact and law that appear to be common to all Class Members throughout New York State;

    d. Based on Named Plaintiff's allegations that the Defendants engaged in uniform conduct affecting all Class Members, Named Plaintiff's claims are typical of those of the other Class Members;

    e. Named Plaintiff is capable of fairly and adequately protecting the interests of the members of the Class, in that: (i) Named Plaintiff's interests are consistent with those of the other Class Members; (ii) Class Counsel are able and qualified to represent the Class; and

4

(iii) Named Plaintiff and Class Counsel have fairly and adequately represented all of the Class Members in obtaining both monetary and injunctive relief, and in negotiating and entering into the proposed Settlement;

    f.  For settlement purposes, questions of law and/or fact common to members of the Class predominate over such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action. In making these provisional findings for settlement purposes, the Court has considered, among other things: (i) the Class Members' interest in individually controlling the prosecution of separate actions; (ii) the impracticability or inefficiency of prosecuting separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

  5.  This certification of the settlement Class is made for the sole purpose of attempting to consummate settlement of the Action in accordance with the Stipulation of Settlement.

  6.  If the Court does not grant final approval of the proposed Settlement, this settlement class certification shall be deemed void *ab initio*, shall be of no force or effect, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court).

  7.  ***Certification of Named Plaintiff and Appointment of Class Counsel*** – Solely for the purposes of the proposed Settlement, the Court hereby (a) certifies Samuel Blanchett as the Named Plaintiff and class representative and (b) appoints Emery Celli Brinckerhoff & Abady LLP, Mobilization for Justice, Inc., National Center for Law and Economic Justice, and New Economy Project as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the proposed settlement Class.

8. *Scheduling of Fairness Hearing* – Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Fairness Hearing on [DATE] *Thursday, Feb. 13, 2020, at 11 a.m.*, at Thurgood Marshall U.S. Courthouse, 40 Foley Square, Courtroom _506_, New York, NY 10007, to address the Settlement, before Judge Denny Chin, Circuit Judge for the United States Court of Appeals for the Second Circuit sitting by designation, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007. The Court may adjourn the Fairness Hearing and reconvene it at some other date without further notice to Class Members and may approve the Settlement (with or without any modifications executed by the Parties), finally approve the settlement and allocation plan at or after the Fairness Hearing or any adjournment of the Fairness Hearing, and dismiss the claims asserted against Defendants on the merits and with prejudice without further notice to any persons or entities (including Class Members) other than the parties.

9. The Fairness Hearing will consider, among other things:

    a. whether the Court should grant final certification of the Class for settlement purposes;

    b. whether the Court should approve the proposed Settlement as fair, reasonable and adequate;

    c. whether the Court should approve the proposed Allocation Plan as fair and reasonable;

    d. whether an order and/or judgment should be entered dismissing the Action on the merits and with prejudice, and whether the release set out in the Stipulation of Settlement should be provided to the Released Parties;

6

    e. whether adequate and sufficient notice was given in accordance with this Order;

    f. whether Named Plaintiff and Class Counsel fairly and adequately represented the Class for purposes of entering into and implementing the proposed Settlement;

    g. whether the Court should approve Named Plaintiff's Service Award Application;

    h. whether the Court should approve Class Counsel's Attorneys' Fees and Costs Application(s); and

    i. any other matters relating to the approval and implementation of the Settlement that the Court may deem appropriate.

  10. ***The Settlement Claims Administrator*** – The Court approves RG2 Claims Administration LLC to serve as Settlement Claims Administrator. The Settlement Claims Administrator shall perform tasks as directed by Class Counsel, including: (a) distributing the Notice and Claim Form; (b) acting as escrow agent for the settlement moneys contributed by Defendants during the approval process; (c) operating a settlement website; (d) setting up and running a toll-free telephone center staffed with knowledgeable individuals to respond to inquiries from potential Class Members; (e) answering written inquiries from potential Class Members and/or forwarding such inquiries to Class Counsel; (f) receiving and processing Claim Forms from Class Members; (g) receiving and maintaining any requests from potential Class Members for exclusion from the Class; (h) circulating any Objections received from Class Members; (i) arranging for distribution of the Net Settlement Amount in accordance with the terms of the Allocation Plan; and (j) otherwise administering the terms of the Stipulation of Settlement. The Settlement Claims Administrator will: (a) act as the agent of Class Counsel (who are acting as

agents and representatives of the Class Members) to the extent the Settlement Claims Administrator is given confidential information about potential Class Members, including names, addresses and social security numbers; (b) use such confidential information only in connection with the administration of the proposed Settlement, and (c) take reasonable measures to maintain the security of the confidential information.

11. *Notice* – The Court hereby approves, as to form and content, the Notice and Claim Form submitted by the Parties to the Court. The Court finds that the Notice and Claim Form will fully and accurately inform potential Class Members of all material elements of the proposed Settlements, of the right to be excluded from the Class, and of each Class Member's right and opportunity to object to one or both of the proposed Settlements. The Court further finds that the mailing and distribution of the Notice and Claim Form substantially in the manner and form set out in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the Rules of this Court, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all person and entities entitled to such notice.

12. No later than 15 days from the date of this Order, the Settlement Claims Administrator shall mail or cause to be mailed the Notice and Claim Form, substantially in the forms submitted to the Court by the Parties, by first-class mail, postage prepaid, to all potential Class Members at the address of each such person or entity. Before such mailing, the Settlement Claims Administrator shall check or cause to be checked all mailing addresses against appropriate available databases to verify the addresses of potential Class Members and shall update such addresses as appropriate.

13. If any Notices are returned to the Settlement Claims Administrator with updated addresses, the Settlement Claims Administrator shall remail such notices (with the Claim Forms)

within five business days following receipt of such updated addresses. If the Settlement Claims Administrator does not receive an updated address at least five business days before the Fairness Hearing, no remailing shall be required. If any Notices are returned to the Settlement Claims Administrator as undeliverable and without an indication of an updated address, the Settlement Claims Administrator shall cause further research to be undertaken to determine whether a more current address is available. If such address is found at least five business days before the Fairness Hearing, the Notices (with the Claim Forms) shall be remailed to the potential Class Member.

14. The Settlement Claims Administrator shall cause a website to be established on which it shall post, among other things: (a) a notice that is, in sum and substance, similar to the Notice; (b) the Claim Form; (c) the Allocation Plan; (d) the Stipulation of Settlement; (e) the filings seeking approval of the proposed Settlement and any responsive papers; (f) Class Counsel's Attorneys' Fees and Expenses Application(s), after it is submitted to the Court; (g) the operative Complaint; (h) this Order and any subsequent Orders of the Court relating to the Settlement; and (i) such other materials as Class Counsel determines should be posted. The parties shall provide notice to the appropriate federal and state officials as required by the Class Action Fairness Act consistent with the requirements of that Act.

15. **Bar Date** -- To receive a payment pursuant to this agreement, an eligible Class Member must timely submit a properly completed Claim Form. To be considered timely, all completed Claim Forms must be received by the Settlement Claims Administration by the Bar Date, which shall be [DATE] *Tuesday, Jan. 14, 2020*. *(DC)*

16. The parties and their counsel may by written agreement make any amendments to or modifications of the Notice, the Claim Form, or the Allocation Plan without notice to or

9

approval by the Court so long as such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

17. At least five days before the Fairness Hearing, Class Counsel shall file or cause to be filed with the Court a declaration confirming that Notice was provided consistent with this Order.

18. *Administration and Notice Expenses* – As provided in the Stipulation of Settlement, all administration costs including, without limitation, the fees, costs and expenses of the Settlement Claims Administrator and any fees, costs or expenses associated with providing the Notice set out in the Stipulation of Settlement, shall be paid from the Settlement Amount.

19. *Exclusion from the Class* – All potential Class Members who wish to exclude themselves from the Class must submit timely, written requests for exclusion to the Settlement Claims Administrator at the address provided in the Notices The exclusion request must include the following information: (a) name; (b) address; (c) telephone number; and (d) e-mail address, if available. To be valid, any request for exclusion must be received by the Settlement Claims Administrator by no later than [DATE] Tuesday, Jan. 14, 2020. [handwritten, initialed DC]

20. If the proposed Settlement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion shall be bound by the Release of Claims in the Stipulation of Settlement and by all proceedings, orders, and judgments regarding the proposed Settlement.

21. At or before the Fairness Hearing, the parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the Class. Persons requesting exclusion from the Class shall not be entitled to receive monetary relief provided to the Class.

22. **Objections** – Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement, including the Allocation Plan and/or Class Counsel's Attorneys' Fees and Expenses Application, may do so by filing an objection as set out below. However, a potential Class Member who requests exclusion from the Class may not file an objection regarding the terms of the Stipulation of Settlement.

23. A Class Member who wishes to object must submit to the Settlement Claims Administrator at the address provided in the Notice his, her, or its objection(s), as well as the specific reason(s), if any, for each such objection. The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. The Settlement Claims Administrator shall promptly send a copy of each objection it receives to Class Counsel, Counsel for Defendants Houslanger and Associates, PLLC and Todd E. Houslanger, and Counsel for Defendants Virgo Capital, LLC and Aquarius Capital, LLC by email or facsimile.

24. A Class Member's objection must include the name and docket number of this Action (as set out at the top of this Order) and must also include the following information about the Class Member: (a) name; (b) address; (c) telephone number; and (d) e-mail address, if available.

25. All objections must be received by the Settlement Claims Administrator by no later than [DATE] Tuesday, Jan. 14, 2020. *DC*

26. A Class Member may object on his, her, or its own, or through counsel hired at his, her, or its own expense.

11

27. Any attorney hired by a Class Member for the purpose of objecting to the proposed Settlement must serve a notice of appearance on Class Counsel, Counsel for Defendants Houslanger and Associates, PLLC and Todd E. Houslanger, and Counsel for Defendants Virgo Capital, LLC and Aquarius Capital, LLC and file the notice of appearance with the Court (at the addresses set out in paragraph 36) a notice of appearance, which must be received by counsel and the Court no later than [DATE] *Tuesday, Jan. 14, 2020*. *(DC)*

28. Any Class Member who does not make an objection in the time and manner provided in this Order shall be deemed to have waived and forfeited any and all rights he, she, or it may have to object, and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement unless otherwise allowed by the Court.

29. *Appearance at the Fairness Hearing* – Attendance at the Fairness Hearing is not necessary. However, any Class Member who submits a timely written objection to the Settlement Claims Administrator in accordance with the requirements set out in this Order – and only such Class Members, unless otherwise allowed by the Court – may also appear at the Fairness Hearing either in person or through personal counsel retained at the Class Member's own expense.

30. Class Members who intend to appear at the Fairness Hearing on their own behalf must send a letter to the Settlement Claims Administrator notifying the Settlement Claims Administrator of his, her, or its intention to appear at the Fairness Hearing. Such letter must also include the following information about the Class Member: (a) name; (b) address; (c) telephone number; and (d) e-mail address, if available. The Settlement Claims Administrator shall promptly send a copy of each letter it receives to Class Counsel, Counsel for Defendants Houslanger and Associates, PLLC and Todd E. Houslanger, and Counsel for Defendants Virgo Capital, LLC and Aquarius Capital, LLC by email or facsimile.

31. If a Class Member retains personal counsel (at the Class Member's expense) to appear on his, her, or its behalf at the Fairness Hearing, such counsel shall serve on Class Counsel, Counsel for Defendants Houslanger and Associates, PLLC and Todd E. Houslanger, and Counsel for Defendants Virgo Capital, LLC and Aquarius Capital, LLC and file with the Court (at the addresses set out in paragraph 36) a notice of intention to appear, which must be received by counsel and the Court no later than ~~[DATE]~~ Tuesday, Jan. 14, 2020. [DC]

32. Any Class Member who does not submit a letter to the Settlement Claims Administrator or whose personal counsel does not file a notice of intention to appear with the Court (as the case may be) in the time and manner provided in this Order shall be deemed to have waived and forfeited any and all rights he, she, or it may have to appear at the Fairness Hearing and shall be foreclosed from appearing at the Fairness Hearing unless otherwise allowed by the Court.

33. Any Class Member who submits an objection to the proposed Settlement shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

34. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

35. At the time Named Plaintiff submits his motion seeking final approval of the Settlement under paragraph 39, he shall also submit to the Court all of the timely requests for exclusion, objections, and Class Member letters indicating an intention to appear personally at the Fairness Hearing that have been timely submitted to the Settlement Claims Administrator.

36. ***Filing and Service of Submissions*** – Any Class Member who has retained counsel and wishes to make a submission pursuant to paragraphs 27, 31, and 39 of this Order must ensure

that the submission is received by the Court and by Class Counsel, Counsel for Defendants Houslanger and Associates, PLLC and Todd E. Houslanger, and Counsel for Defendants Virgo Capital, LLC and Aquarius Capital, LLC pursuant to the dates set out in paragraphs 27, 31, and 39 at the following addresses:

    a.    the Court:

        Clerk of Court
        United States District Court for the Southern District of New York
        Daniel Patrick Moynihan United States Courthouse
        500 Pearl Street
        New York, New York 10007-1312

    b.    Class Counsel:

        Matthew D. Brinckerhoff
        mbrinckerhoff@ecbalaw.com
        Debra L Greenberger
        dgreenberger@ecbalaw.com
        Emery Celli Brinckerhoff & Abady LLP
        600 Fifth Avenue, 10th Floor
        New York, New York 10020
        Facsimile: (212) 763-5001

        Defendants Houslanger and Associates, PLLC and Todd E. Houslanger's Counsel:

        Robert Joseph Bergson
        rbergson@agmblaw.com
        Abrams Garfinkel Margolis Bergson, LLP
        1430 Broadway 17th floor
        New York, NY 10018
        Facsimile: (212) 937-3330

        Defendants Virgo Capital, LLC and Aquarius Capital, LLC's Counsel:

        Todd E. Houslanger
        teh@toddlaw.com
        Houslanger and Associates, PLLC
        372 New York Avenue
        Huntington, NY 11743
        Facsimile: (631) 427-1143

37. Service on Class Counsel, Counsel for Defendants Houslanger and Associates, PLLC and Todd E. Houslanger, and Counsel for Defendants Virgo Capital, LLC and Aquarius Capital, LLC may be made by facsimile, e-mail, and/or next-day (excluding Saturday or Sunday) express delivery service.

38. Counsel for the parties are directed promptly to inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraph 27, 31, or 39 of this Order.

39. **Filing of Papers Regarding the Settlement** – All motions and responses to motions regarding the proposed Settlement to be filed with the Court shall be filed and served as follows:

    a. any motions seeking approval of the proposed Settlement, the Allocation Plan, and/or any Attorneys' Fees and Expenses Application(s) must be filed and served no later than ~~[DATE]~~ *Thursday, Jan. 30, 2020*. [DC]

    b. any responses to any motions seeking final approval of the proposed Settlement, the Allocation Plan, and/or any Attorneys' Fees and Expenses Application(s) must be filed and served no later than ~~[DATE]~~ *Thursday, Feb. 6, 2020*; and [DC]

    c. any reply papers in support of approval of the proposed Settlement, the Allocation Plan and/or any Attorneys' Fees and Expenses Application(s), and any responses to objections or oppositions, must be filed and served no later than ~~[DATE]~~ *Monday, Feb. 10, 2020*. [DC]

40. **Termination of Stipulation of Settlement**– If (a) the Court denies Final Approval or materially modifies the Settlement or (b) in the action captioned *Bostic v. Virgo Capital, LLC* the Supreme Court of the State of New York, County of New York, (Index No. 161300/2017) (the "*Bostic* Action"), the parties to the *Bostic* Action seek and do not obtain an order dismissing or discontinuing that action (which discontinuance or dismissal shall be on behalf of the named

plaintiffs in the *Bostic* Action, not the putative class, and be with prejudice, as to the Defendants in this Action and Gotham Collection Services Corp., a defendant in the *Bostic* Action), then any Party shall have the right to terminate the Stipulation of Settlement and render its terms null and void, provided that Blue Penciling or (as to subsection (a) of this paragraph) the failure by the Court or an appellate court to award or sustain the full amount of the Service Awards to Named Plaintiffs or amounts sought as attorneys' fees and expenses, will not constitute a failure to approve the Settlement or a material modification of the Settlement, and provided that the Parties do not jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of Final Judgment; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. As to subsection (b) of this paragraph, such right to terminate based on the *Bostic* Action, if exercised at all, must be exercised no later than 30 days before the scheduled Fairness Hearing, unless the Parties mutually agree to extend the date to exercise such right. If the settlement becomes null and void: the terms of this Agreement shall have no force and effect with respect to the Parties and shall not be used in the Action or any other action for any purpose; the Action will proceed as if no settlement had been attempted; and no portion of the Gross Settlement Amount will be distributed to Class Members, and the entire Gross Settlement Amount, net of fees and costs previously advanced to the Settlement Administrator, will revert to Defendants. This Order shall become null and void as to Defendants, and shall be without prejudice to the rights of the Named Plaintiff and Defendants, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, except that Defendants shall not be required to return fees and costs advanced to the Settlement Administrator, if: (a) the proposed Settlement is not finally approved by this Court, or the Court's approval of the Settlement does not become Final; or (b) the Settlement is terminated or does not become effective in accordance with its terms

for any reason. In such event, (a) all provisions of the Settlement other than its termination provisions shall become null and void and be of no further force or effect as to the Defendants; (b) neither the Settlement (other than its termination provisions) nor any Court order regarding the Settlement, including this Order, shall be used or referred to for any purpose whatsoever as to the Defendants except in a proceeding to enforce this provision of this Order or the termination provisions of the Settlement as to the Defendants; and (c) none of the Settlement, this Order, the negotiation of the Settlement, or the statements or court proceedings relating to the Settlement shall in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory, or other proceeding as to the Defendants, except in a proceeding to enforce this provision of this Order or the termination provisions of the Settlement. Without limiting the foregoing, neither the Settlement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Released Parties (as defined in the Settlement), as a waiver by those Released Parties of any applicable defense, or as a waiver by the Named Plaintiff or the Releasing Parties (as defined in the Settlement) of any claims, causes of action or remedies as to the Defendants.

41. ***No Determination of the Merits of Amended Complaint.*** The Court has not decided whether the allegations of the Amended Complaint have merit and there has been no determination that the Defendants committed any wrongdoing.

42. ***Retention of Jurisdiction*** – This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Stipulation of Settlement,

including a determination as to whether the proposed Settlement should be approved as fair, reasonable, and adequate.

So ordered this 15th day of August, 2019.

_____
THE HONORABLE DENNY CHIN
United States Circuit Judge
Sitting by Designation