UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMEL SANDERS, ANTERO SARREAL and SAMUEL BLANCHETT, on behalf of themselves and all others similarly situated,

    Plaintiffs,

-against-

HOUSLANGER AND ASSOCIATES, PLLC; TODD E. HOUSLANGER; VIRGO CAPITAL, LLC; AQUARIUS CAPITAL, LLC; and DOE COMPANIES 1-10.

    Defendants.

No. 17 Civ. 8985 (DC)



## [PROPOSED] ORDER APPROVING SETTLEMENT

    WHEREAS, on November 16, 2017, Plaintiffs Ramel Sanders and Antero Sarreal filed this Action on behalf of the Class Members (as defined below) asserting class claims under the Fair Debt Collections Practices Act ("FDCPA"), New York General Business Law § 349, and New York Judiciary Law § 487, pursuant to Federal Rule of Civil Procedure 23;

    WHEREAS, on July 10, 2018, proof of the acceptance of Defendants' Offers of Judgment by Ramel Sanders and Antero Sarreal was filed and, on December 18, 2018, Judgment was entered in favor of Mr. Sanders for $15,000, plus attorneys' fees and costs, and Judgment was entered in favor of Mr. Sarreal for $15,000, plus attorneys' fees and costs; and payments were tendered by Defendants to Sanders and Sarreal, who acknowledged same and filed partial satisfactions of judgment;

    WHEREAS, on July 15, 2019, the Court so-ordered a stipulation executed by respective counsel for Plaintiffs and the putative class, on the one hand, and Defendants, on the other, by

which Defendants agreed to pay Plaintiffs' counsel the sum of $50,000.00 in full satisfaction of their obligations under the December 18, 2018 Judgments to pay for Plaintiffs Sanders' and Sarreal's accrued costs and reasonable attorneys' fees through June 22, 2018; and payment was tendered by Defendants to Plaintiffs' counsel on September 4, 2019 in complete and full satisfaction of the aforesaid Judgments;

WHEREAS, on July 11, 2018, Plaintiffs moved to add a new party, Named Plaintiff Samuel Blanchett, which motion was granted on September 6, 2018 over Defendants' objections;

WHEREAS, on September 7, 2018, Plaintiffs filed an Amended Complaint;

WHEREAS, Named Plaintiff Samuel Blanchett, on behalf of himself and the Class, has reached a settlement with Defendants Houslanger and Associates, PLLC, Todd E. Houslanger, Virgo Capital, LLC, and Aquarius Capital, LLC (collectively, "Defendants") (collectively with Named Plaintiff, the "Parties");

WHEREAS, the Parties have entered into a July 12, 2019 Joint Stipulation of Settlement and Release (the "Stipulation of Settlement");

WHEREAS, the Lead Plaintiff and Defendants have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an Order granting final approval of their Stipulation of Settlement;

WHEREAS, on August 15, 2019, the Court entered an Order (the "Preliminary Approval Order") in which the Court, among other things, (i) certified a settlement class and appointed Class Counsel, (ii) directed that Notice be provided to Class Members as set out in the Preliminary Approval Order, (iii) preliminarily approved the Stipulation of Settlement, (iv) appointed the Class Administrator, and (v) scheduled a Fairness Hearing to consider whether to finally approve the proposed Settlements, the proposed Allocation Plan, the Lead Plaintiff's Service Award Application, and Class Counsel's Attorneys' Fees and Expenses Application; and

WHEREAS, the Court held the Fairness Hearing on February 26, 2020 to determine, among other things, (i) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate and should therefore be approved, (ii) whether the settlement Class should be finally certified for settlement purposes, (iii) whether Notice to the Class as implemented was materially consistent with the Preliminary Approval Order and constituted due and adequate notice to the Class in accordance with Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, (iv) whether to approve the Allocation Plan, (v) whether to enter judgment dismissing the Action on the merits and with prejudice as to the Defendants and against all Class Members, and releasing all the Released Claims as provided in the Stipulation of Settlement, (vi) whether, and in what amount, to award a Service Award to Lead Plaintiff, and (vii) whether, and in what amount, to award attorneys' fees and expenses to Class Counsel; and

WHEREAS, the Court received submissions and heard argument at the Fairness Hearing from Class Counsel and Defendants' Counsel; and

WHEREAS no objections to the proposed settlement have been made,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

[DC]

1. ***Incorporation of Stipulation of Settlement*** – This Order incorporates and makes a part hereof the Stipulation of Settlement. Terms not defined in this Order shall have the definitions given to them in the Stipulation of Settlement.

2. ***Jurisdiction*** – The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff and all other Class Members (as defined below) and has jurisdiction to enter this Order and the Judgment.

3

3.  ***Class Certification*** – The Court confirms certification of the following class solely for purposes of the Settlements pursuant to Fed. R. Civ. P. 23(b)(3): all persons against whom a Sold Judgment (defined as an LR Credit Judgment that was sold, transferred, and/or assigned to Virgo Capital, LLC or Aquarius Capital, LLC) was obtained where Houslanger and Associates, PLLC and/or Todd E. Houslanger first collected money on or after November 16, 2014.

4.  For purposes of the settlement of the Action, and only for these purposes, and subject to the terms of the Stipulation of Settlement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied respecting the settlement Class being preliminary certified in connection with the Settlement:

   a.  The Class is ascertainable from business records and/or from objective criteria;

   b.  The Class is so numerous that joinder of all members would be impractical;

   c.  Named Plaintiff has alleged one or more questions of fact and law that appear to be common to all Class Members throughout New York State;

   d.  Based on Named Plaintiff's allegations that the Defendants engaged in uniform conduct affecting all Class Members, Named Plaintiff's claims are typical of those of the other Class Members;

   e.  Named Plaintiff is capable of fairly and adequately protecting the interests of the members of the Class, in that: (i) Named Plaintiff's interests are consistent

4

with those of the other Class Members; (ii) Class Counsel are able and qualified to represent the Class; and (iii) Named Plaintiff and Class Counsel have fairly and adequately represented all of the Class Members in obtaining both monetary and injunctive relief, and in negotiating and entering into the proposed Settlement;

f. For settlement purposes, questions of law and/or fact common to members of the Class predominate over such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action. In making these provisional findings for settlement purposes, the Court has considered, among other things: (i) the Class Members' interest in individually controlling the prosecution of separate actions; (ii) the impracticability or inefficiency of prosecuting separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

5. This certification of the Settlement Class is confirmed for the sole purpose of consummating the settlement of the Action in accordance with the Stipulation of Settlement.

6. If the Court's approval of the Stipulation of Settlement does not become Final for any reason whatsoever, this settlement class certification shall be deemed void *ab initio*, shall be of no force or effect, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court).

7. ***Appointment of Lead Plaintiff and Class Counsel*** – Solely for purposes of the proposed Stipulation of Settlement, Certification of Named Plaintiff and Appointment of Class Counsel – the Court hereby confirms: (a) its certification of Samuel Blanchett as the Named

5

Plaintiff and class representative; and (b) its appointment of Emery Celli Brinckerhoff & Abady LLP, Mobilization for Justice, Inc., National Center for Law and Economic Justice, and New Economy Project as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the settlement Class.

8. *Proof of Notice* – The Parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

9. The Court finds that the distribution of the Individual Notices and Claim Forms, and the notice methodology implemented by the Parties complied with this Court's Preliminary Approval Order and confirms its prior finding that such notice (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Stipulation of Settlement, the effect of the Stipulation of Settlement (including the effect of the Release of Claims), Class Members' right to object to the proposed Stipulation of Settlement, the right of Rule 23(b)(3) Class Members to exclude themselves from the Rule 23(b)(3) Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice (including any state and/or federal authorities entitled to receive notice under the Class Action Fairness Act) and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

10. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

11.  *Settlement Approval* – The Court finds that the proposed Stipulation of Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel and was entered into in good faith. None of the terms and provisions of the Stipulation of Settlement has material deficiencies or improperly grants preferential treatment to any individual Class Members. Accordingly, the proposed Settlement as set forth in the Stipulation of Settlement and the Allocation Plan, are hereby fully and finally approved as fair, reasonable and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law, and in the best interests of each of the Parties and the Class Members.

12.  In making these findings, the Court considered, among other factors, (*i*) the nature of the claims asserted by Plaintiff as to each of the Defendants and the strength of such claims and the defenses of each of the Defendants, (*ii*) the risk, expense, complexity, and likely duration of further litigation and the ability to collect on any judgment obtained, (*iii*) the likelihood of Plaintiff maintaining class certification through trial, (*iv*) the amount and kinds of benefits offered in the proposed Settlement as set forth in the Stipulation of Settlement, (*v*) the allocation of proceeds of the Settlement as set forth in the Stipulation of Settlement among Class Members, (*vi*) the potential vacatur of Default Judgments obtained against Class Members, (*vii*) the provision of injunctive relief to Class Members, (*viii*) the stage of the proceedings at which the proposed Settlement set forth in the Stipulation of Settlement was reached, (*ix*) the information available to the Parties and the Court, (*x*) the experience and views of the Parties' counsel, (*xi*) the potential Class Members' reactions to the proposed Settlement set forth in the Stipulation of Settlement, including the number of objections filed by Class Members and the number of

exclusion requests submitted by Class Members, (*xii*) the submissions and arguments made throughout these proceedings by the Parties, and (*xiii*) the submissions and arguments made in connection with and at the Fairness Hearing.

13. ***Implementation of the Agreement*** – The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions.

14. ***Releases*** – The release of claims as set forth in paragraph 38 of the Stipulation of Settlement are expressly incorporated herein in all respects. As of the Effective Date (as defined in the Stipulation of Settlement), and without limiting or modifying the full language of the release provisions in the Stipulation of Settlement, the release of claims set forth in the Stipulation of Settlement shall be given full force and effect as to all Released Parties.

15. ***Binding Effect*** – The Stipulation of Settlement and this Order shall be forever binding on the Releasing Parties and Released Parties (as those terms are defined in the Stipulation of Settlement). This Order shall have res judicata and other preclusive effect in all pending and future lawsuits or other proceedings brought by Class Members that are based upon, arise out of or relate to Released Claims.

16. ***Service Awards*** – The Court finds that the requested service award of $15,000 to the Named Plaintiff is reasonable in the circumstances. This amount shall be paid out of the Settlement Fund.

17. ***Attorneys' Fees and Expenses Award*** – Class Counsel are hereby awarded Attorneys' Fees and Expenses in the amount of $170,000, which amount is to be paid out of the Settlement Fund. The Court finds that the Attorneys' Fees and Expenses are fair, reasonable, and appropriate.

8

18. *Modification of Settlement* – Without further approval from the Court, Class Counsel is authorized, in its discretion, to accept or reject late claims, and the Parties are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Stipulation of Settlement and the implementing documents (including all exhibits) that (i) are not materially inconsistent with this Order and the Judgment and (ii) do not materially limit the rights of Plaintiff, any other Class Member, the Defendants, Releasing Parties, or Released Parties under the Stipulation of Settlement, and provided, further, that any such amendments, modifications and/or expansions of the Stipulation of Settlement must be in writing executed by the Parties to the Stipulation of Settlement.

19. *Retention of Jurisdiction* – The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order or the Judgment, the Court expressly retains exclusive and continuing jurisdiction over the Stipulation of Settlement, the Parties to the Stipulation of Settlement, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement, including the enforcement of the Settlement and of this Order and the Judgment, and for any other reasonably necessary purpose.

20. *Dismissal of Action* – The claims asserted in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in this Order and in the Stipulation of Settlement.

21.  ***Entry of Judgment*** – The Court will separately enter Judgment in accordance with Fed. R. Civ. P. 58.

So ordered this 26th day of February, 2020.

  
THE HONORABLE DENNY CHIN  
United States Circuit Judge  
Sitting by Designation